United States District Court
Southern District of Texas
**ENTERED**
August 12, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DEVORA B.[1], | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:25-cv-174 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| *in their official capacities*, | § | |
| Respondents. | § | |
| | § | |

### ORDER FOR SUPPLEMENTAL BRIEF ON JURISDICTION

On August 6, 2025, this Court received a Petition for Writ for Habeas Corpus from Petitioner Devora B. ("Devora"). Dkt. No. 1. In her petition, Devora states that she is a "non-citizen of the United States [who] has been granted relief from removal in the form of Withholding of Removal under INA §241(b)(3) by the Immigration Judge ("IJ") in Los Fresnos, Texas." *Id.* at 1. She now seeks her immediate release. *Id.* at 7.

"When a respondent is ordered removed from the United States, the immigration judge shall identify a country, or countries in the alternative, to which the [noncitizen's] removal may in the first instance be made, pursuant to [8 U.S.C. § 1231(b)(2)]."). The IJ's country designation must comply with the four-stage inquiry set forth in § 1231(b)(2). *Jama v. ICE*, 543 U.S. 335, 338, 125 S.Ct. 694, 160 L.Ed.2d 708 (2005).

Devora's claim is best summarized in the following statements which are taken from a letter addressed to the ICE ERO Harlingen Field Office and attached to her petition as Exhibit C:

> "[Petitioner] has been in ICE custody since December 20, 2024. On August 5, 2025, the Immigration Court granted her withholding of removal under INA §241(b)(3). Both parties waived appeal, and thus, the order is final. Despite this grant of protection, [Petitioner] remains detained, and according to a phone call on August 6, 2025, between her attorney Dalyla Santos and

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

your office, ICE intends to remove her to a third country-Mexico- in contravention of her lawful protection from removal and the clear risk of harm she would face there… any removal to third country would directly […] risk violating U.S. obligations under withholding of removal and the Convention Against Torture."

Dkt. No. 1-3, p. 1.

The United States Supreme Court has made clear that for purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate custodian of the petitioner who can produce the petitioner before the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court notes that "when the Government moves a habeas petitioner after [she] properly files a petition naming [her] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Padilla*, 542 U.S. at 441.

"The federal courts are under an independent obligation to examine their own jurisdiction." *United States v. Hays*, 515 U.S. 737 (1995); *see also United States v. Pedroza-Rocha*, 933 F.3d 490, 493 (citing *Bass v. Denney*, 171 F.3d 1016, 1021 (5th Cir. 1999)). "Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Lavery v. Barr*, 943 F.3d 272, 275 (5th Cir. 2019) (internal quotation omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "The party seeking to assert federal jurisdiction...has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

Given these representations and the attached final order of removal (Dkt. No. 1-1), the Court is unable to ascertain its jurisdictional ability to retain Devora's Petition.

The Court **ORDERS** Petitioner Devora to file a brief, **no later than September 10, 2025**, explaining how, if at all, the Court, has jurisdiction over this matter.

Additionally, the Court **SETS** a status conference for **September 24, 2025, at 9:30 a.m. CDT** to discuss the progress of this case. Parties are advised to be prepared to discuss the Court's subject matter jurisdiction.

All parties may appear in-person or via videoconference. To appear virtually, please contact the court at (956) 548–2570 to receive the videoconferencing information. Instructions for videoconferencing will only be sent upon request. **Any videoconferencing request must be made no later than 5:00 p.m. CDT on September 22, 2025,** in advance of the scheduled conference.

The Clerk of Court is **DIRECTED** to send via regular and certified mail a courtesy copy of this Order to the United States Attorney for the Southern District of Texas, Nicholas Ganjei at 1000 Louisiana, Ste. 2300 in Houston, Texas 77002.

Signed on August 12, 2025.

Karen Betancourt
United States Magistrate Judge