Case 1:25-cv-00174   Document 12   Filed 09/24/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
September 24, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DEVORA B.[1], | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:25-cv-174 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| *in their official capacities*, | § | |
|    Respondents. | § | |
| | § | |

## ORDER GRANTING LEAVE TO FILE AMENDED PETITION AND ORDERING RESPONDENT TO FILE PETITIONER'S A-FILE

This Court held a status conference (*see minute entry dated September 24, 2025*) to discuss subject matter jurisdiction considering that Petitioner Devora B. is no longer in custody in the United States. Dkt. No. 10, p. 3.

Although Petitioner timely filed a supplemental brief on jurisdiction (Dkt. No. 10), the Court continues to examine its subject matter jurisdiction. *See United States v. Hays*, 515 U.S. 737, 742 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction."). *See also United States v. Pedroza-Rocha*, 933 F.3d 490, 493 (citing *Bass v. Denney*, 171 F.3d 1016, 1021 (5th Cir. 1999); *Lavery v. Barr*, 943 F.3d 272, 275 (5th Cir. 2019) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.") (internal quotation omitted); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (stating that federal courts must "presume that a suit lies outside this limited jurisdiction . . ..").

Petitioner informed the Court of a pending appeal before the Board of Immigration Appeals (BIA). See Dkt. No. 11. Petitioner requested leave to amend Devora B.'s petition to establish clearly the nature of Petitioner's claim, subject matter jurisdiction, and the underlying claim for requesting mandamus relief. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, courts

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

should grant leave to amend freely. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) (explaining that Rule 15 "evinces a bias in favor of granting leave to amend.") *See also New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008) ("The party seeking to assert federal jurisdiction...has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists.").

Still, given that Petitioner is no longer in custody in the U.S. and the changing nature of Petitioner's immigration case, the Court is unable to ascertain whether subject matter jurisdiction exists, and, therefore, whether the Court can retain Devora B.'s case. Additionally, to determine whether the Court has subject matter jurisdiction over the matter, the Court requires review of Petitioner's A-file.

The Court **ORDERS** Respondent to file a Bates-stamped copy of Petitioner's A-file under seal **no later than October 8, 2025**.[2]

The Court **GRANTS** Petitioner's oral motion for leave to amend. Petitioner shall file the amended pleading **no later than October 15, 2025**.

Signed on September 24, 2025.

_____
Karen Betancourt
United States Magistrate Judge

---

[2] The Court requires Respondent file Petitioner's A-file for the Court's determination of subject matter jurisdiction only. The Court does not require Respondent file an answer or any sort of responsive pleading. Further, this Court does not interpret the filing of an A-file as a responsive pleading or official position.