United States District Court
Southern District of Texas
ENTERED
September 11, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DEVORA B. [1], | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:25-cv-174 |
| | § | |
| MARKWAYNE MULLIN[2], *et al.*, | § | |
| *in their official capacities*, | § | |
| Respondents. | § | |
| | § | |

**REPORT AND RECOMMENDATION TO DENY HABEAS PETITION**

## I. Synopsis

Before the Court is Petitioner Devora B.'s "Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Suit for Declaratory and Injunctive Relief and Writ of Mandamus under 18 U.S.C. § 1361" (Dkt. No. 14) and Respondent's "Response to Petitioner's Amended Writ of Habeas Corpus and Respondent's Motion for Summary Judgment" (Dkt. No. 17). For the reasons stated below the Court makes two findings. First, the Court finds that Petitioner's removal moots her habeas petition, so it is recommended the Court deny the habeas petition. Second, the Court also finds Petitioner fails to show she is entitled to the extraordinary remedy she requests in her writ of mandamus, so it is recommended the Court deny the request for an issuance of a writ for mandamus.

## II. Factual and Procedural History

On August 5, 2025, an Immigration Judge ordered Petitioner removed but granted Petitioner withholding of removal to Cuba, her country of citizenship. Dkt. No. 17-3; Dkt.

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

[2] Petitioner sought relief against Kristi Noem in her official capacity as Secretary of the Department of Homeland Security. Pursuant to Federal Rule of Civil Procedure 25(d), Markwayne Mullin is substituted as the proper Respondent.

No. 17-5. Both parties waived the opportunity to appeal this order, and Petitioner concedes this means the Immigration Judge's August 5, 2026, order of removal was administratively final on that same day.[3] Dkt. No. 17-3 at 1.

Petitioner initially filed her Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this Court on August 6, 2025. Dkt. No. 1.

On August 8, 2025, Respondents removed Petitioner to Mexico. Dkt. No. 17-5 at ¶5; Dkt. No. 17 at 3. Also on August 8, 2025, Petitioner filed a Motion to Withdraw Waiver of Appeal with the Port Isabel Immigration Court. Dkt. No. 17-4.[4]

Petitioner served the federal habeas petition on Respondents on August 11, 2026. Dkt. No. 17-6. On August 12, 2026, the undersigned set a status conference for September 24, 2025, and ordered Petitioner to file a supplemental brief on jurisdiction. Dkt. No. 6.

On August 22, 2026, the Immigration Judge granted Petitioner's Motion to Withdraw Waiver of Appeal, and both parties reserved the right to appeal the decision. Dkt. No. 11-1; Dkt. No. 17-7.

On August 26, 2025, Respondents informed the Court that Petitioner had been removed from the county and was no longer in their custody. Dkt. No. 9.

Petitioner filed the supplemental brief on jurisdiction ordered by the Court as well as a Motion for Mandamus relief. Dkt. No. 10. Petitioner later informed the Court that she timely filed an appeal with the Board of Immigration Appeals (BIA) concerning the August 22, 2025, order granting withholding of removal. Dkt. No. 11. The appeal remains pending. *See* EOIR Automated Case Information, EXECUTIVE OFFICE OF IMMIGRATION REVIEW, https://acis.eoir.justice.gov/en/ (last visited on September 1, 2026). After the Court held a status conference, the Court granted Petitioner leave to amend her complaint. Dkt. No. 12. The Court also ordered respondents to file Petitioner's A-file but made clear a response was not required from Respondents. Dkt. No. 12 at 2.

---

[3] Petitioner was represented by counsel. Dkt. No. 17-4.

[4] Petitioner's Motion argues that although Petitioner was represented by counsel, Petitioner did not understand that the Immigration Judge's order granting withholding of removal to Cuba still allowed Immigration and Customs Enforcement to remove Petitioner from the country. Dkt. No. 17-4.

Petitioner filed her Amended Petition, the operative complaint in this case, on October 15, 2026. Dkt. No. 14. Petitioner argues the Government's actions violated the due process clauses under the Fifth and Fourteenth Amendments as well as the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001) and its progeny. Dkt. No. 14 at 3. Petitioner also seeks "a declaration from the Court that Petitioner was wrongfully removed and injunctive relief to enjoin the Government from obstructing any efforts for her to return." *Id.* at 3-4. Petitioner included a Writ for Mandamus Relief under 28 U.S.C. § 1361, requesting an order from this Court that the Government facilitate Petitioner's return to the United States. Dkt. No. 14 at 10.

Respondents filed "Response to Petitioner's Amended Writ of Habeas Corpus and Respondent's Motion for Summary Judgment." Dkt. No. 17. Respondents argue that because Petitioner was removed according to the August 5, 2025 order, which was final and valid, Respondents committed no error. Respondents further argue that the facts of Petitioner's case do not warrant mandamus relief. Petitioner did not file a response to Respondents' Motion for Summary Judgment.

## III. Analysis

It is undisputed that Petitioner was in Respondents' custody when she filed her initial Petition on August 6, 2026. Nonetheless, for the reasons stated below, the Court finds that Petitioner's removal, which was conducted pursuant to a valid and final order from an Immigration Judge, renders this Petitioner moot. The Court further finds Petitioner is not entitled to the extraordinary relief requested in her Motion for a Writ of Mandamus.

### *a. Petitioner's removal renders this petition moot.*

The Fifth Circuit Court of Appeals has summarized the mootness doctrine as follows:

> Under Article III, § 2, of the Constitution, federal courts may adjudicate only "actual, ongoing cases or controversies". *Deakins v. Monaghan,* 484 U.S. 193, 199, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988). The case or controversy requirement "subsists through all stages of federal judicial proceedings" and requires that the parties "continue to have a personal stake in the outcome of the lawsuit". *Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d

> 43 (1998) (quoting *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477–78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)). In instances where a litigant's primary stake in the outcome becomes moot—typically in habeas cases where the petitioner is released while the case is still pending—federal courts will allow the suit to proceed only where some "collateral consequence" of the litigation's outcome persists. *See, e.g., Spencer,* 523 U.S. at 8, 118 S.Ct. 978.

*Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004).

In the instant case, Petitioner presents the typical case referred to above because she has filed a Writ for Habeas Corpus and requested her release from Respondents' custody. *Alwan v. Ashcroft*, 388 F.3d at 511; Dkt. No. 14 at 12. Petitioner argues that the "habeas writ is still appropriate given that the Government's removal is and was 1) an unconstitutional restraint on her liberty[.]" Dkt. No. 14 at 3. Additionally, Petitioner argues that she "does not need to be physically restrained in order to seek habeas relief," *id*. at 6, because despite being removed, she is in Respondents' "constructive" custody. She argues that "ICE conducted no review of potential harm to her if she was to be removed to Mexico [and] [d]oing so subjected her to continued constructive custody as it was under the auspices of the US Government." Dkt. No. 14 at 9.

However, Petitioner's argument does not overcome the fact she is no longer in Respondents' custody. Further, the Court notes that when removed, there was a valid and final order of removal which granted her withholding of removal only from Cuba.[5] Petitioner presents no further facts to show that her presence in another country is still controlled by Respondents. For these reasons, the Court rejects Petitioner's argument that she remains under the "constructive" custody of the U.S. Government.

Because Petitioner is not in Respondents' custody—constructive or actual—and her

[5] Additionally, Petitioner was removed to Mexico, the country from which Petitioner entered the United States. Dkt. No. 17-7 at 9 (stating that Petitioner "unlawfully entered the United States in December 2024 via the Mexican border.) Additionally, the Court notes that the Immigration Judge, when granting Petitioner's Motion to Withdraw Waiver of Appeal, wrote that Petitioner "testified that she was voluntarily in Mexico for approximately 15 days and during that time she not been physically harmed or threatened. She made no claim, and offered no evidence, that she faced an acute medical condition in Mexico or was a victim of sever form of trafficking in persons." Dkt. No. 17-7 at 9.

habeas petition still seeks release from Respondents' custody, the Court finds that Petitioner's case is moot. Accordingly, the Court recommends denying the instant habeas petition.

***b. Petitioner fails to show her case warrants the extraordinary relief requested under the Writ for Mandamus.***

Although the Court finds the case is moot regarding Petitioner's Writ for Petition of Habeas Corpus under 8 U.S.C. § 2241, the Court separately considers the request for an issuance of a writ of mandamus. For the reasons below, the Court finds Petitioner has failed to show she is entitled to such extraordinary relief and recommends denying the writ for mandamus relief.

The statute which authorizes actions in the nature of mandamus provides that the district courts are granted original jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 8 U.S.C. § 1361. Notably, mandamus relief is "a 'drastic and extraordinary' remedy." C*heney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey,* 332 U.S. 258, 259–260, (1947)).

Mandamus relief is appropriately issued only when the plaintiff meets the following three elements: "(1) the plaintiff has a clear right to relief, (2) the defendant [has] a clear duty to act, and (3) no other adequate remedy exists." *Wolcott v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011) (internal citations omitted). More particularly, "[m]andamus is an appropriate remedy only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992) (internal quotation marks omitted).

In the instant case, Petitioner presents the following argument on the first element of the mandamus claim.

> Petitioner has a clear right to relief by virtue of the fact that, at present, she does not have a final order of removal. She is actively pursuing an appeal of the IJ's decision to deny her asylum claim. Therefore, she has right to be present and this Court should enjoin the US Government from failing to permit her to return to the US and be free from physical detention while she pursues her relief from deportation.

Dkt. No. 14 at 11.

However, the Court notes that Petitioner did have a final order of removal at the time of her removal, and though she now has a pending appeal before the BIA, that appeal was filed after Petitioner had already been removed from the country. As such, Petitioner's claim to a "clear right to relief" is unsupported by the factual record. Additionally, Petitioner does not support her claim with case law or statutory law which demonstrates that Petitioner's request to order the facilitation of her return falls under the duty of an officer that "is ministerial and so plainly prescribed as to be free from doubt." *Giddings v. Chandler*, 979 F.2d at 1108. Thus, Petitioner fails to demonstrate the first element of her claim for mandamus relief.

Because Petitioner fails to meet the first element of a claim for mandamus relief, the Court finds Petitioner is not entitled to mandamus relief. Accordingly, the Court recommends denying Petitioner's request for the issuance of mandamus relief.

## IV. Recommendation

It is RECOMMENDED that the Court

(1) DENY the Amended Petition for Writ of Habeas Corpus (Dkt. No. 14);

(2) DENY the Writ for Mandamus Relief (Dkt. No. 14);

(3) DENY AS MOOT Respondents' Motion for Summary Judgment (Dkt. No. 17); and

(4) DIRECT the Clerk of Court to close this case.

## V. Notice to the Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record

before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on September 11, 2026.

Karen Betancourt
United States Magistrate Judge